Mr. J ustice Clayton
delivered the opinion of the court.
This is an appeal from the vice chancery court at Fulton.
The bill alleges the recovery of a judgment in the circuit court of Monroe county, in February, 1840, against George and Bartlett Sims, as administrators of Matthew Sims, deceased, but that previous to said judgment, in July, 1839, the said administrators resigned, and one John R. Greer was appointed administrator de bonis non of the said estate. It also alleges that Greer wasted a large portion of the assets which came to his hands, leaving not enough to pay the debts of the estate; that he has died insolvent, and that there has been no administration upon his estate; that Reuben Davis has since become administrator de bonis non of the estate of Sims, and has suggested its insolvency. This bill is filed against the sureties of said Greer, the plaintiffs in error, to compel them to pay the judgment of the complainant.
There is a general demurrer to the jurisdiction of the court, which is the sole question for consideration, and which was overruled in the court below.
The judgment against George and Bartlett Sims, rendered some six months after their connection as administrators had ceased with the estate, was not binding either upon the estate or upon John R. Grper, the administrator de bonis non. Indeed, it was a nullity. No execution was ever returned upon it. If the judgment had been against Greer, the administrator, the right of the complainant against the estate, would then have been established.
But even in that attitude of case, we do not see upon what principle the jurisdiction of a court of chancery could be sustained in this state over the subject-matter. The case of Spotswood v. Dandridge, 4 Munford, relied on in argument, cannot *506 have the effect to establish such doctrine here. In some of the states it is settled that courts of equity have concurrent jurisdiction with courts of law, in suits against executors. 4 Johns. Ch. R. 631. The jurisdiction exercised by the court of chancery in Virginia, is upon this principle. But a very accurate writer of recent date, says that the court of appeals of that state now manifests a strong tendency to exclude from the jurisdiction of equity, all cases in which a full remedy can be had at law. 2 Rob. Pr. 38. In the case cited, as well as in Sampson v. Payne, 5 Munf. 176; and 2 Hen. & Munf. 8, the bills were filed for a discovery, and account of assets, and were retained in equity, to have the whole matter settled there, to avoid circuity of action. This bill does not even contain that prayer, which was probably essential to the jurisdiction in that state.
A bill was filed in the probate court of Claiborne county, against the administrator and his sureties for a discovery and account of assets, and for distribution. The object was similar to that in view in this case. Green v. Tunstall, 5 How. The very authorities cited to sustain this bill, were cited in the argument of that cause. The court decided that the remedy upon the bond, was exclusively in a court of law.
The chancery court erred in overruling the demurrer, and in entertaining jurisdiction. The decree is therefore reversed, and the bill dismissed.